FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.
★ DEC 2 2005 ★
TIME A.M.____
P.M.____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UMEME RAYSOR,

                  Petitioner,

-against-

UNITED STATES OF AMERICA,

                  Respondent.
-----------------------------------X

**MEMORANDUM AND ORDER**

05 CV 4997 (SLT)

**TOWNES, United States District Judge:**

Petitioner Umeme Raysor, appearing *pro se*, moves for a writ of audita querela challenging his 1997 conviction in United States v. Raysor, et al., No. 96 CR 339 (EHN).[1] Petitioner asserts that his sentence is invalid under the Supreme Court's holding in United States v. Booker, 125 S.Ct. 738 (2005).

Writ of Audita Querela

The All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Petitioner argues that the writ of audita querela is available in his case. "Though formally abolished in civil cases, see Fed.R.Civ.P. 60(b), the writ[] of ... audita querela remain[s] available in very limited circumstances" specifically, "where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citations omitted).

---

[1] On October 28, 2003, petitioner moved under 28 U.S.C. § 2255 to vacate, set aside or correct the same criminal judgment wherein he raises the same argument. Raysor v. United States, No. 03 CV 5418 (SLT). On September 8, 2005, the Court denied petitioner's application for appointment of counsel.

Here, nothing has occurred subsequent to the conviction that creates a legal objection to the conviction. The Supreme Court's decision in Booker is not the type of post-judgment event for which the writ of audita querela can be granted because Booker does not apply retroactively. Guzman v. United States, 404 F.3d 139, 143-44 (2d Cir. 2005).

Accordingly, petitioner's application for a writ of audita querela is DENIED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
October 28, 2005

SANDRA L. TOWNES
United States District Judge